UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LORENZO WILLIAMS, )
)
        Plaintiff, )
)
vs. ) 2:11-cv-200-WTL-MJD
)
CHARLES LOCKETT, )
)
        Defendant. )
)

**Entry Discussing Petition for Writ of Habeas Corpus**

Lorenzo Williams is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Northern District of Iowa. *See United States v. Williams,* 308 F.3d 833 (8th Cir. 2002).

After this action was docketed, Williams was given a period of time in which to show cause why this action can proceed under 28 U.S.C. § 2241. He has responded through his filing of September 27, 2011.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

    1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3. Williams was convicted of Interference with Commerce by Violence in violation of the Hobbs Act, codified at 18 U.S.C. § 1951(a) (2000). He was sentenced to life imprisonment as a "three-strikes" offender, pursuant to 18 U.S.C. § 3559(c) (2000). One of the arguments presented in Williams' direct appeal was that there was insufficient evidence to prove the interstate commerce element. That is the same claim presented here. The Eighth Circuit Court of Appeals rejected this argument:

> Williams attempts to argue that the isolated robbery of an independent cab driver was a crime directed at an individual rather than a business, and there was no actual nexus with interstate commerce. We disagree: the cab transported to the airport people and packages that were going to travel in interstate commerce; the cab occasionally crossed state lines as a part of its business; and the insurance money covering damage to the cab and the repair parts for the radio came from out-of-state. Furthermore, Morgan was engaged in business by driving the cab for profit. For these reasons, Williams's cab robbery necessarily had an effect on interstate commerce.

*U.S. v. Williams,* 308 F.3d 833, 839 (8th Cir. 2002).

4. The present action is thus a repetition and extension of a claim rejected in Williams' direct appeal. There is no occasion whereby this court should consider such claim, nor any reason whereby a different outcome should occur. Williams' petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/01/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana